## The People of the State of Illinois, Defendant in Error v. Louis Rosenberg, Plaintiff in Error.

### Gen. No. 22,169.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN A. MAHONEY, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed June 26, 1916.

### Statement of the Case.

Information by the People of the State of Illinois, plaintiff, against Louis Rosenberg, defendant, charging him with the crime of obtaining money by false pretenses. Defendant was found guilty and sentenced to imprisonment and fined. By writ of error he seeks to have the judgment of the court reversed.

The information charged that the defendant on a certain day, in Chicago, "did with intent to cheat and defraud and to obtain money by false pretenses, did obtain from the affiant the sum of one hundred and fifty dollars ($150) by falsely representing to this affiant that,"—followed by averments in detail of a number of representations made by the defendant as to services performed by him and expenses incurred and correlative averments denying that defendant had done each one of the things which he represented to have been done by him.

E. M. SEYMOUR, for plaintiff in error.

MACLAY HOYNE, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. FALSE PRETENSES, § 27*—*when information for obtaining money by false pretenses sufficient.* An information charging the obtaining of money by false pretenses is not rendered insufficient by the omission of the statutory word "designedly," where it avers, with particularity, representations of things done, with a negative averment as to their performance, as knowledge and design will be implied under such conditions.

2. FALSE PRETENSES, § 27*—*when information for obtaining money by false pretenses sufficient.* Where an information charging the obtaining of money by false pretenses is sworn to by a named person, an averment that the money was obtained from "this affiant" is sufficient.

3. CRIMINAL LAW, § 502*—*when word "money" in information presumed lawful money.* On an information for obtaining money by false pretenses, it will be presumed that the money was genuine money of the United States, unless the information is challenged by motion to quash.

4. INDICTMENT AND INFORMATION, § 59*—*when objection must be raised by motion to quash.* On an indictment for obtaining money by false pretenses, failure of the information to specify the kind and value of the money must be raised by a motion to quash.

5. FALSE PRETENSES, § 27*—*when information for obtaining money by false pretenses sufficient.* On an information for obtaining money by false pretenses, *held* that it sufficiently appeared that the person defrauded was the person filing the information and that such person relied upon the representations made to her.

6. FALSE PRETENSES, § 13*—*when person making false representation charged with knowledge of its falsity.* On an information for obtaining money by false pretenses, if defendant made representations as to things done by him, while the fact was that he did not do them, it follows that he knew such representations were false.

7. FALSE PRETENSES, § 33*—*when ownership of property presumed.* On an information for obtaining money by false pretenses, it will be presumed that the person filing the information owned the money which was obtained from her.

8. CRIMINAL LAW, § 366*—*when defects in substance of information not reached by motion in arrest of judgment.* Defects going to the substance of an information cannot be reached by a motion in arrest of judgment but by a motion to quash.

9. CRIMINAL LAW, § 497*—*what effect of failure to preserve proceedings in bill of exceptions.* In the absence of a complete bill of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

exceptions showing all of the proceedings before the trial court, every presumption is in favor of the regularity and sufficiency of such proceedings.